BENTON COUNTY *et al. v.* PLUNK *et al.*

(*Jackson,* April Term, 1936.)

Opinion filed May 23, 1936.

J. M. HOLLADAY, of Camden, CHARLES L. CORNELIUS, of Nashville, ROY H. BEELER, Attorney-General, and EDWIN F. HUNT, Assistant Attorney-General, for appellants.

S. L. PEELER, of Camden, for appellees.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This is an appeal from a decree holding chapter 710 of the Private Acts of 1935, applicable alone to Benton County, void because in violation of section 8 of article 1 and section 8 of article 11 of the State Constitution, which inhibit partial class legislation.

By a general law, chapter 45, Public Acts of 1931, 2 cents of the state gasoline tax is set apart as a ''County Aid Fund,'' to be allocated to and distributed among the several counties, on a prescribed basis to ''be paid over monthly by the Comptroller of the State to the various County Trustees, to be used by the county highway authorities in the building, repairing and improvement of county roads and bridges,'' etc. Section 3.

The challenged private act provides that the Benton county allotment shall be paid over to the State Department of Highways and be by it expended upon ''the roads of said County.'' Suspending the general law, Benton county alone is deprived of the privilege accorded all other counties of expending the funds allotted to it by its ''County highway authorities.''

It is conceded that this private act affects the county, not in its governmental capacity, but relates to its proprietary, or property, rights; but it is argued on this appeal that these rights granted by the general law are not burdened, or invaded adversely, in that the act relates only to the administration agency, and leaves to the county unimpaired the benefit of its allotted portion of the fund.

The issue narrows to the question whether or not the privilege of local administration of the fund is a material privilege, or benefit, of which one county may not be deprived, while all other counties are given the right to enjoy it.

It will be observed that the general law of 1931 expressly provides that this fund is (1) to be paid over to the county, (2) to be used by the county authorities, etc. Certainly a very radical change is made by this private act when it provides that the Benton county fund is neither to be paid over to the county, nor expended by its authorities.

We are of opinion that the privilege of handling and disbursing this fund through and by its own local and locally selected authorities, or agencies, is a substantive right of which this county may not be thus deprived, while all other counties in the state are left to enjoy it. No reason appears on the face of the act, and none is suggested in argument, or occurs to us, for this obvious discrimination. The "building, repairing and improvement of County roads and bridges" has always been recognized as peculiarly a subject of local administration, and for reasons too obvious to call for elaboration. That intimate, detail knowledge of local needs and requirements on this subject, essential to satisfactory administration, would otherwise be found wanting.

In *Baker* v. *Hickman County*, 164 Tenn., 294, at page 311, 47 S. W. (2d), 1090, 1095, this court recently said: "An appropriation of state revenues to a county affects the county as beneficiary in a proprietary and not a strictly governmental capacity. The state, having embarked upon a legislative policy of reimbursing its counties for their contributions toward the cost of the highway system, could only execute this policy by general law applicable alike to all counties." The revenues here involved come to the state from the citizens of the several counties, and are attempted by the general law to be returned in approximate proportions to the collections

made, for use therein by the several counties through these local authorities. The right to select and designate for repair and improvement its strictly county roads is a practical and substantial right incident to the full enjoyment of the benefits of the fund allotted to each county. How and when and where its "County Aid Fund" shall be used, is an incident of the right to use it at all, of which one county may not be arbitrarily deprived, while all other counties are permitted to enjoy it.

The decree of the chancellor is affirmed.